## SOUTHERN RY. CO. v. NORTON.

### [73 South. 1.]

COMMERCE. *Interstate commerce. State police regulations. Separation of races. Constitutional law. Due process of law.*

Our state statute requiring railroads to provide equal but separate pullman accommodations for the white and colored races by providing two or more cars for each train or by dividing the cars

so as to secure separate accommodations, where the number of negro passengers in pullman cars is so small as to be negligible, and where the expense of installing accommodations for the two races would be large, is valid as a reasonable police regulation of the state, is not confiscatory and is not a taking of property without due process of law, and it may be enforced as to both intrastate and interstate passengers, regardless of the additional expense imposed upon the common carrier in complying with it.

APPEAL from the circuit court of Washington county. HON, F. E. EVERETT, Judge.

Suit by Mary L. Norton against the Southern Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Percy & Percy,* for appellant.

*Percy Bell,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellee, Mary L. Norton, recovered a judgment for one thousand dollars against the appellant Southern Railway Company, as actual and punitive damages in the circuit court of Washington county, from which judgment this appeal is taken here.

The judgment of the lower court is founded upon the following undisputed facts: The appellee, Mary L. Norton, a white woman, boarded what is known as the "Memphis Special" train at Philadelphia, Pa., and traveled from that point to Memphis, Tenn., in a Pullman sleeping car. In the same Pullman car there was a negro passenger, who had boarded the train at New York and whose destination was Memphis, Tenn. The appellee found traveling in the same coach with a negro unpleasant, and expressed her indignation and objection to the conductor. No complaint was made of any special indignity suffered by her, and no rudeness was

exhibited on the part of the conductor; the complaint being simply that she was compelled to ride in the same car with the negro, which was disagreeable and unpleasant to her, and in violation of the statute law of some of the states through which the train passed. The Memphis Special train, upon which appellee and the negro were riding, passes through the states of Pennsylvania, Delaware, Maryland, West Virginia, Tennessee, Alabama, and Mississippi, and ends its trip at Memphis, Tenn. Between New York and Washington the Memphis Special runs over the tracks of the Pennsylvania Railroad; between Washington and Memphis it runs over the tracks of the Southern Railway, except between Lynchburg, Va., and Bristol, Tenn., where it runs on the tracks of the Norfolk & Western Railroad. At the point where the appellee embarked on the Memphis Special (Philadelphia) and at the point where the negro passenger embarked (New York City), there were no statutes in force and no rules of the railroad company requiring the separation of the white and colored races, but such statutes are in force in the states of Virginia, Tennessee, Alabama, and Mississippi. These statutes are practically all in the phrasing of the Tennessee statute, which reads in part as follows:

"All railroads carrying passengers in the state other than street railroads shall provide equal but separate accommodations for the white and colored races by providing two or more passenger cars for each passenger train, or by dividing the passenger cars by a partition so as to secure separate accommodations."

Such a statute is in force in every state through which the Southern Railway passes, except the states of Illinois and Indiana. The appellee sued the appellant for actual and punitive damages suffered by her because the negro passenger was allowed, over her protest, to ride in the same Pullman coach with her, as stated above. A peremptory instruction was granted to her by the lower court, allowing both punitive and

actual damages, and the jury awarded her a verdict for $1,000. The defendant in the court below, in order to exculpate itself from liability, submitted proof that only one out of every five hundred Pullman passengers is a negro, and further proved, in detail, the additional expense which would be suffered by it and the other railroads through states having race separation statutes, if such railroads were required to furnish either separate Pullman coaches for the races, or Pullman coaches with separate compartments for the races.

The appellant presents here for our consideration two Federal questions: First, when the expense of installing such separate accommodations for the races is large, and when the number of negro passengers in Pullman coaches is so small as to be negligible, is a state statute, requiring in interstate, as well as intrastate, commerce separate Pullman accommodations for the races valid as a reasonable police regulation, although it is a burden on interstate commerce? Second, is not such a statute, under such circumstances, confiscatory? Enforced, is it not a taking of property without due process of law?

The question of the validity of the statutes requiring the separation of races on passenger cars in those states which have such statutes was presented and passed upon by the supreme court of Tennessee in *Smith* v. *State*, 100 Tenn. 494, 46 S. W. 566, 41 L. R. A. 432, the court in that case holding that the statute was valid as a reasonable exercise of the police power of the state, enacted for the security of peace and good order, and in the interest of the public welfare, and that, it being a valid police regulation of the state, it applies to both *intra* and *inter* state travel, even though its enforcement imposed an additional expense and burden upon interstate commerce.

The two questions presented here by the appellant were also decided by this court in *Alabama & Vicksburg Railroad Co.* v. *Pearl Morris,* 103 Miss. 511, 60

So. 11, Ann. Cas. 1915B, 613, holding that the race separation statute here in question was intended to apply to sleeping cars, as well as all other passenger cars composing the trains of common carriers. This court also held in that case that the statute is a reasonable constitutional exercise of the police power of the state, and is valid, and applies to both intrastate and interstate passengers; that the statute was enacted to promote peace, comfort, and general welfare of the public; and, even though its enforcement will be a burden upon interstate commerce and necessarily imposes an additional expense upon the carrier, it is not for these reasons void, but is within the Constitution, and is valid as a reasonable regulation under the police power of the state.

Following the views expressed by the courts in the two cases cited above, which we think are sound, we hold that the race separation statute, here in question, is valid as a reasonable police regulation of the state, is not confiscatory, and is not a taking of property without due process of law, and that it may be .enforced as to both intrastate and interstate passengers regardless of the additional expense imposed upon the common carrier in complying with it. The judgment of the lower court is affirmed.

*Affirmed.*